(February 9, 1894.)

# BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY v. McFALL.

### [35 Pac. 691.]

CONTRACTS FOR CARE OF COUNTY POOR.—A person who contracts to care for and maintain all of the county poor, under chapter 6, title 9 of the Revised Statutes of 1887, by the year for a gross sum cannot hold the county liable for the support of a person who does not come within his contract, although such person was committed to his care under proper certificate of a justice of the peace.

COUNTY HOSPITAL—WHO ENTITLED TO ADMISSION.—A justice of the peace has no authority to commit a person to the county hospital for the indigent sick except those who come within the provisions of chapter 6, title 9 of the Revised Statutes.

SAME.—He cannot bind the county for the keeping and caring for the person who does not come within the provisions of said chapter.

INDIGENT SICK OF COUNTY—WHO CONTRACTOR REQUIRED TO KEEP.— One who has a contract for keeping all of the indigent sick of a county for a gross sum by the year is not required to keep any who do not come within the terms of his contract.

(Syllabus by the court.)

WRIT of error to District Court for Logan County.

H. S. Hampton, for Plaintiff in Error.

It is admitted in this case that McFall was, during all the time for which this charge for keeping Stansbury is made against the county, under contract with Logan county to keep, maintain, etc., all of the indigent sick or otherwise dependent poor of Logan county; that he has been paid in full under said contract; that the said Stansbury was regularly, or otherwise, committed to his care as such keeper of the county hospital; that he received him and kept him by force and by virtue of said commitment; and that after getting his pay in full from Logan county under his said contract, he seeks to recover this additional $510 on the sole ground that the said Charles Stansbury was not, technically, a resident of Logan county.  Sec-

tions 2173 and 2177 speak of them as any sick or indigent person desiring aid from any county of this state. There is no restriction as to residence in that language. Any person must only show that he is "really sick, indigent, and in destitute circumstances, and would suffer unless aided by the county," to be entitled to such aid. It was not the intention of our statute that only residents should be entitled to county aid.

P. M. Bruner, for Defendant in Error.

The liability of the county for the care and maintenance of Stansbury depends wholly upon the fact as to whether Stansbury was one of Logan county's poor provided for in section 2170 of the Revised Laws of Idaho. If he was such, the contract of McFall with the county covers the case and McFall cannot recover. If, on the other hand, Stansbury was not one of Logan county's poor, then McFall was under no legal obligation to keep and care for him under his contract, and under the law the county is liable to McFall in the undisputed amount claimed. The manner of Stansbury's admission shows upon its face that McFall did not receive him voluntarily, but by and through the commitment alone issued by and through a proper officer. (Idaho Rev. Laws, secs. 2174, 2178, subd. 2.) In further support of this position, we call the attention of the court to section 2175 of the Revised Laws of Idaho.

SULLIVAN, J.—This case was brought to this court by the board of county commissioners of Logan county by writ of error. The facts are substantially as follows: The defendant in error entered into a contract with Logan county whereby he agreed to keep and maintain the indigent sick, or otherwise dependent poor, of said county for a term of one year, in accordance with the provisions of chapter 6, title 11, of the Revised Statutes for the sum of $1,350. That thereafter, upon the order of W. C. Hill, a justice of the peace of Shoshone precinct, said county, one Charles Stansbury was committed to the care of defendant in error as an indigent sick person. under his said contract. That thereafter the defendant in

error presented his bill for keeping said Stansbury from May 12, 1892, to January 12, 1893, to the board of county commissioners of Logan county for allowance, and on the nineteenth day of April, 1893, said board refused to allow said bill, from which order an appeal was taken by the defendant in error to the district court of Logan county, and, after a ·trial of the cause, the district court made its finding of facts and conclusions of law therein, and judgment was duly entered in favor of the defendant in error. The trial court found, by its third finding of fact, that said Stansbury was not a resident of Logan county, but was a resident of the state of Washington, and that he was not entitled to the care, protection, and maintenance of Logan county as an indigent sick, or otherwise dependent poor, person of said county, and that neither at the time of said Stansbury's admission into said hospital, nor at any time thereafter, was he entitled to the care, protection, and maintenance of Logan county as an indigent sick, or otherwise dependent poor, person of said county; and as a conclusion of law found that the claim and demand of the defendant in error for $510 for keeping said Stansbury from May 12, 1892, to January 12, 1893, was a legal claim against Logan county.

The contention of plaintiff in error is that said Stansbury came within the meaning of the term "indigent sick," as used in chapter 6, title 11, of the Revised Statutes, and that defendant in error was bound to keep and care for him, under his said contract, without any additional compensation above that named in said contract; while the defendant in error contends that said Stansbury does not come within the meaning of said term, and that, by the terms of said contract, he was not required to keep said Stansbury, but, because of a certificate issued by said justice of the peace, he was compelled to keep said person, and for that reason the county is liable for the sum claimed. It appears from the transcript that said Stansbury was a citizen of the state of Washington; that while in Logan county he became sick, and made application for admission to the county hospital, under the provisions of said chapter 6, as an indigent sick person, and that the proper certificate was issued by a justice of the peace for his admission to

said hospital, and that he was admitted thereto; that he remained there for eight months, and then was removed to the state of Washington by the board of county commissioners. Thereupon defendant in error presented his bill for keeping said Stansbury for said eight months, and contends that, as said Stansbury was not a resident or citizen of Logan county, he was not required to keep him by the terms of his said contract. The trial court sustained this contention, and also held the county liable for the amount of said bill.

We think the court erred in its conclusion and judgment. The statute under consideration is one of mercy and benevolence, and must be liberally construed, with a view to carry into effect its beneficent objects and designs. We think the provisions of said chapter are broad enough to include all indigent sick within a county. The statute does not require that such persons reside within the county any certain length of time, or that they possess any particular qualification, other than that of being indigent sick or otherwise dependent poor. A citizen of another state who comes into this state, and becomes sick, and is pecuniarily unable to provide for himself proper medical aid, attendance, and support while so sick, comes within the provisions of said chapter. However, in a case of that kind it is the duty of the board of county commissioners to remove such sick person to the county or state of his residence as soon as practicable. If Stansbury did not come within the provisions of chapter 6, as a county charge, we are not aware of any law that would authorize the board of county commissioners to provide for his care and maintenance. If the contention of the defendant in error was correct, as to said Stansbury's not coming within the terms of said contract, we are not advised of any law that authorizes the board to allow bills for his keeping. It is urged, however, that defendant in error was compelled to keep said Stansbury because of the order of the justice of the peace, and for that reason the county should be held liable. The answer is that the defendant in error was not compelled to receive and keep any person who did not come within the terms of his contract. The jurisdiction of the justice of the peace is limited to the issuance of certifi-

cates for the admission of persons who come within the provisions of said law, and if he issues such certificate for the admission of a person not entitled thereto, he cannot bind the county by his unauthorized act. So, in either view of this case, the judgment of the court below must be reversed, and it is so ordered.

Huston, C. J., and Morgan, J., concur.